IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| WARNOCK ENGINEERING, LLC and<br>RUDOLPH M. WARNOCK, JR. | PLAINTIFFS |
| v. | CAUSE NO.: 3:17-CV-00160-HSO-JCG |
| CANTON MUNICIPAL UTILITIES | DEFENDANT |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONDSIDERATION, OR IN THE ALTERNATIVE, FOR LEAVE TO AMEND**

COMES NOW Defendant, Canton Municipal Utilities, and files its *Response in Opposition to Plaintiffs' Motion for Reconsideration, or in the Alternative, for Leave to Amend*, and in support thereof, would respectfully show the Court the following:

**I. INTRODUCTION**

Plaintiffs' instant Motion for Reconsideration,[1] is, as their alternative request belies, another demand to amend. Plaintiffs have submitted differing and supplemented complaints in this matter on March 9, 2017, April 11, 2017, May 24, 2017, September 22, 2017, December 11, 2017, March 1, 2018, March 12, 2018 and now attempt to do so once more.[2] Plaintiffs are aware that this Court clearly cautioned that "no further amendments to [Plaintiffs'] pleadings will be permitted absent good cause shown" in the Court's March 9, 2018 Order granting Plaintiffs leave to file the Third Amended Complaint. Plaintiffs' instant motion is completely devoid of mention

---

[1] **CMU asserts, given the case caption on Plaintiffs' instant motion naming formerly-dismissed party Cleveland Anderson, that Cleveland Anderson is not party to the suit or claims at issue in this or other future motions and responses.**

[2] Inspection of the exhibits and supplements to Plaintiffs' various motions for leave to amend reveals that Plaintiffs' espoused amended complaints submitted as exhibits, changed substantively prior to submission, clearly attempting to cure deficiencies raised by CMU in its opposition motions. Thus, the titles like "third amended complaint," fail to capture the number of iterations of Plaintiffs' complaint that have been in existence.

1

of good cause, and none, in fact, exists. See Pls. Mot. [221]. Plaintiffs' brief memorandum in support invokes the phrase 'good cause,' but never provides good cause shown for amendment.[3]

Instead of showing good cause for amendment, Plaintiffs attempt an end-run around this Court's prohibition on further amendment. Plaintiffs tenuous reliance on a judgment rule related to damages, and on caselaw covering pre-judgment interest considerations not at issue in the instant litigation, does not advance Plaintiffs' position that they should be allowed to proceed on or amend to include new claims never pleaded. Plaintiffs' caselaw and rule as cited, do not address Plaintiffs' failure to plead the substantive claims at issue.[4] While not immediately clear at the outset, the thrust of Plaintiffs' argument is that a general prayer for relief in a complaint should permit any request or claim to be argued later. Pls. Mem. [222] at 2-3. Such a proposition would render notice-pleading utterly meaningless.

Whether Plaintiffs' instant Motion is styled as a motion pursuant to Federal Rule of Civil Procedure 59(e) or 60(b), or as a motion for leave to amend, is of no consequence as each of these positions aim to achieve the same result: amendment or allowance of new claims never pleaded in the Complaint. At base, Plaintiffs assert that this Court should either amend its own judgment pursuant to Rule 59(e) (and allow claims never pleaded), or that this Court should grant relief from its own judgment pursuant to Rule 60(b)(6)[5] (and allow claims never pleaded). And Plaintiffs'

---

[3] Plaintiffs' sole remark on good cause shown is "Finally, there is good cause for the request for leave at this juncture. Before the Court issued its summary judgment ruling, Warnock was pursuing breach of contract claims based on express agreements which were assumed to be valid. Now that the Court has ruled otherwise, Warnock should be given an opportunity to amend the pleadings to seek equitable relief based on proof which will be presented at trial in support of the other claims as well." Pls. Mem. [222] at 5.
[4] Plaintiffs misapply and misquote Federal Rule of Civil Procedure 54(c) (a judgment rule, and not a pleading rule), and then cite to caselaw specific to pre-judgment interest awards in the state of Texas, as discussed below.
[5] Rule 60(b) provides five specific bases for relief from judgment, and a sixth catch-all basis for relief based on "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Plaintiffs have not indicated reliance on any of the enumerated bases in Rule 60(b)(1)-(5).

desired outcome under either Rule 59(e) or Rule 60(b) is the same. Plaintiffs' instant motion is not made in the alternative at all; each of the three proposed actions are intended to allow Plaintiffs to proceed on claims not pleaded.

Plaintiffs ask that this Court reverse its prior finding and supplant it now by finding that quantum meruit or Miss. Code Ann. § 31-7-57(2) claims[6] have been pleaded, when in fact they have not. To do so would require overlooking continued unfair prejudice and undue delay to CMU and ignoring the wealth of latitude regarding amendment that this Court has already afforded to Plaintiffs over the last (nearly) two years. Or, alternatively, Plaintiffs argue that they be permitted to amend, again, to include the claim or claims that they failed to plead. Not only did Plaintiffs not even bother to address the one consideration that this Court explicitly cautioned would be necessary for amendment, good cause shown, but no good cause can be shown under the present circumstances. There exists no reason that Plaintiffs should be permitted to amend again.

## II. ARGUMENT

### A. Plaintiffs have failed to assert "good cause shown" as required by this Court in its March 9, 2018 Order, and as required by Fed. R. Civ. P. 15(a)(2)

Plaintiffs do not assert or address "good cause shown" at all in their Motion for Reconsideration/Relief from Judgment, or in their Alternative Motion for Leave to Amend. This alone justifies denial of the Motion for Leave to Amend, and similarly justifies denial of the Motion to reconsider or to grant relief for the purpose of allowing the desired amendment. Plaintiffs' sole remark on good cause shown is contained in the last paragraph of their support brief where Plaintiffs conclusively assert:

> Finally, there is good cause for the request for leave at this juncture. Before
> the Court issued its summary judgment ruling, Warnock was pursuing breach

---

[6] CMU would note that Plaintiffs' Motion itself is unclear as to which claim it intends to introduce; the beginning of the memorandum discusses quantum meruit and Miss. Code Ann. § 31-7-57(2) claim, and the end only discusses Miss. Code Ann. § 31-7-57(2) to the extent that it sounds in quantum meruit.

3

> of contract claims based on express agreements which were assumed to be valid. Now that the Court has ruled otherwise, Warnock should be given an opportunity to amend the pleadings to seek equitable relief based on proof which will be presented at trial in support of the other claims as well.

Pls. Mem. [222] at 5. But, Plaintiffs' logic is circular.  Essentially, Plaintiffs' position is that because *Plaintiffs* assumed that the alleged contracts were valid, Plaintiffs failed to plead any claims in equity, or any claims in the alternative should the contracts be deemed invalid.  Rule 8(d) specifically provides for the pleading of claims in the alternative, but Plaintiffs chose not to do so with respect to any available equity claims each time they amended and re-entered a new complaint.

Plaintiffs' assertion here is that they should be allowed to amend because they failed to plead their own claims properly to begin with, which is both an unpersuasive, but illustrative statement in the sense that it admits failure to plead. Justice would not be done if Plaintiffs were permitted to justify *the entry of a fifth complaint* by pointing to, as support, *their failure to plead the claims properly in the four prior submissions*. There is no good cause which may be shown at this point in the litigation, and in light of CMU's patient response to each of Plaintiffs' varying complaints over the last twenty-two months, that would outweigh the prejudice that would be inflicted on CMU upon further amendment, and the introduction of new claims.

Furthermore, Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, CMU has not consented to amendment. The Court has indicated that leave to amend would only be granted for "good cause shown." Plaintiffs have made no genuine argument for good cause shown, or that justice would require amendment.  Rule 15(a)(2) precludes Plaintiffs' requested amendment.

### B.     Plaintiffs are manifestly wrong in their assertion that the Court's ruling is "clearly erroneous and contrary to law"

The crux of Plaintiffs' argument is that a general prayer for relief in a complaint should permit any request or claim to be argued later, regardless of whether it was actually pleaded, and on this basis, Plaintiffs argue that this Court's ruling was "clearly erroneous and contrary to law" for not finding that Plaintiffs asserted a Section 31-7-57(2) claim with a general relief prayer reading "Such other and further relief as this Court may deem just and proper" (found at the end of Plaintiffs' Third Amended Complaint). As the foundation of their entire motion, Plaintiffs unequivocally state,

> Whether specifically pled or not, Warnock is entitled to seek equitable relief under Miss. Code Ann. § 31-7-57(2) because, per Rule 54(c), the Complaint includes a general prayer for relief. To the extent that the Court's Memorandum Opinion precludes Warnock from pursuing such equitable relief, this ruling should be reconsidered as clearly erroneous and contrary to law.  Pls. Mem. [222] at 4.

To assert that CMU would be on notice of a Section 31-7-57(2) claim by the words, "Such other and further relief as this Court may deem just and proper" is absurd.[7] If such a proposition were endorsed, it would render notice-pleading utterly meaningless.

Setting aside momentarily that Rule 54(c) does not stand for the proposition to which Plaintiffs have attributed to it, the determination of whether a claim is "specifically [pleaded] or not" is not a throw-away consideration, as Plaintiffs posit it. Notice of claims pleaded is a requirement for fair litigation and Plaintiffs' refusal to comply with basic pleading rules continues to prejudice CMU. CMU has consistently maintained that, "the unfounded 'mere optimism' and 'reasonable hope' pleading approach that *Twombly* prohibited is compounded by the Plaintiffs'

---

[7] As indicated elsewhere in this Response, and in CMU's Answer and other responses, the Mississippi Tort Claims Act as codified in Miss. Code Ann. §§ 11-46-1 *et seq.* bars the instant claim in any event as Plaintiffs would have been required to exhaust administrative remedies, notice CMU properly, and pursue the claim within the limitations period, which has expired.

many and ever-growing list of claims, while all the while CMU has repeatedly stated it remains unnoticed of sufficient claims in violation of pleading under Rule 8." Def. Mem. [154] at 14. The same is true now; Rule 8, and *Twombly* and *Iqbal* would not allow the finding that a specific statutory or other claim had been pleaded by virtue of the mere inclusion of a boilerplate, thirteen-word general prayer for relief.[8]

Plaintiffs' position is manifestly wrong in light of commonly accepted notice-pleading principles, but it is also true that even if Rule 8 could be satisfied with a non-descript general prayer, Plaintiffs' reasoning for that application here is still unsound. First, Plaintiffs argue that they are "entitled to seek equitable relief under Miss. Code Ann. § 31-7-57(2) because, per Rule 54(c), the Complaint includes a general prayer for relief." Pls. Mem. [222] at 4. Plaintiffs then incorrectly expound on this idea when they assert:

> As Rule 54(c) provides, <u>a general prayer entitles the plaintiff to all forms of relief which he may be entitled whether or not specifically pled</u>. Fed.R.Civ.P. 54(c); *see Federal Sav. and Loan Ins. Corp. v. Texas Real Estate Counselors, Inc*., 955 F.2d 261, 270 (5th Cir. 1992)(holding that general prayer for relief entitled the plaintiff to seek prejudgment interest under Texas law even though this was not specifically requested in the pleadings.)." *Id.* at 2-3.

In fact, Rule 54(c), which is contained in Title VII for "Judgments," and not under Title III for "Pleadings and Motions," does *not* provide that "a general prayer entitles the plaintiff to all forms of relief which he may be entitled whether or not specifically pled[sic]." Rather, verbatim, Rule 54(c) provides as follows:

> *(c) Demand for Judgment; Relief to Be Granted. A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Every other final judgment should <u>grant the relief</u> to which each party is entitled, <u>even if the party has not demanded that relief</u> in its pleadings.* Fed. R. Civ. P. 54(c)(emphases added).

---

[8] CMU would maintain that any claims in equity, or pursuant to Mississippi Code § 31-7-57(2), or any other claims for that matter, would be barred or disposed of for the reasons espoused in *Defendant's Answer and Affirmative Defenses*.

6

As an initial point, Plaintiffs' assertions apparently confuse a "claim"/"claim for relief" with the "relief" itself (or damages sought), which are different concepts entirely and should not be used interchangeably.  As evidenced by the fact that all of the Plaintiffs' cited case law relates to the inclusion of pre-judgment interest, a measure of damage, a claimant, in limited circumstances, may be granted *relief* not specifically demanded in the pleadings. Plaintiffs have cited to no case or rule that permits a claimant to recover on, or proceed with, a *claim* that was not pleaded.

When Plaintiffs cite to *Federal Sav. and Loan Ins. Corp. v. Texas Real Estate Counselors, Inc.*, 955 F.2d 261 (5th Cir. 1992), it is clear that the holding is limited to a damages consideration, and that consideration is specifically limited to prejudgment interest. *Id*. at 270.  Moreover, *Federal Savings* is based directly on *Hamman v. Southwestern Gas Pipeline, Inc.*, 821 F. 2d 299 (5th Cir.), *vacated in part*, 832 F.2d 55 (5th Cir.1987).  *Hamman* is clear that its finding that prejudgment interest was allowable as a damage was predicated explicitly on Texas law governing the issue raised in that case.  *Id.* at 309. In both cases, the litigants pleaded their substantive claims before reaching the damages issue. The Plaintiffs' citation thereto not only does not stand for the incorrect proposition that it was stated for, but is also meaningless in the instant suit as it related to prejudgment interest damages under Texas state law.

When Plaintiffs cite to *Ground Control I-II*, they seem to provide further commentary on the award of pre-judgment interest, in a Mississippi construction services context, which moves Plaintiffs' argument on failure to plead a claim no further.[9]  Plaintiffs first cite to *Ground Control II* in order to explain the difference between unjust enrichment and quantum meruit.  Pls. Mem. [222] at 3. CMU would be clear that it does not dispute the existence or availability of these claims

---

[9] See *Ground Control, LLC v. Capso Indus., Inc.*, 120 So.3d 365 (Miss. 2013)(*Ground Control I*) and *Ground Control, LLC v. Capsco Indus., Inc*., 214 So.3d 232 (Miss. 2017)(*Ground Control II*).

7

to litigants at large, and that CMU does not fail to understand the basic legal distinction.[10] CMU asserts that these claims are not available to Plaintiffs in particular for numerous reasons, the pertinent one here being that Plaintiffs never pleaded them, as has already been decided.[11]

Plaintiffs next cite to *Ground Control I*, surmising that "As *Ground Control I* holds, Warnock is legally entitled to pursue equitable relief notwithstanding this Court's ruling as to the unenforceability of the express contracts." Pls. Mem. [222] at 4. This is not what *Ground Control I* held. The opinion page cited by Plaintiffs is the Majority's ruling to reverse summary judgment and the beginning of the Dissent (on notice grounds). In *Ground Control I*, the party seeking equitable relief pleaded its claims in equity. The issue before the Court was whether parties with unclean hands, admitting to an illegal contract in contravention of prevailing policy and statute, could plead and recover under and equity theory when formal breach of contract was not available due to the illegality of the contract (that is, that both parties failed to obtain certificates of responsibility, not certificates of authority as incorrectly stated by Plaintiffs, which ultimately ensures that contractors obtain appropriate insurance). *Ground Control, LLC* 120 So.3d at 369. The *Ground Control I* Court's finding presupposed that the equitable relief sought had been pleaded to begin with.

---

[10] Plaintiffs similarly cite *Walker v. Williamson*, 131 F. Supp.3d 580 (S.D. Miss. 2015) to define quantum meruit in the abstract as well, but do not progress the instant argument or apply the citation to the instant suit.

[11] Interestingly, although not explained by Plaintiffs, *Ground Control II* was also about pre-judgment interest awards. It held, "As mentioned in the previous section, because pre-judgment interest may be awarded in breach-of-contract cases, when the amount of damages is certain, i.e., liquidated, Ground Control argues its damages claim was liquidated and based on breach of contract, not quantum meruit. But as already discussed, this argument fails in light of *Ground Control I*'s clear holding. The only damages available were for quantum meruit. As this Court has held, where — as is the case here — there is a bona fide dispute as to whether the plaintiff is entitled to a quantum meruit award and, if so, what amount, then pre-judgment interest is not warranted." *Ground Control, LLC v. Capsco Indus., Inc.*, 214 So.3d at 247.

Here, there is no analogy to be drawn as the contention is not that Plaintiffs have pleaded a claim to which they are not entitled to recover (although this may also be true), but is rather that Plaintiffs have not pleaded the claim at issue at all. CMU maintains that Plaintiffs cannot proceed or recover upon claims that have not been pleaded.

## C. Plaintiffs' intended addition of new claims would undoubtedly continue to prejudice CMU and would prolong ongoing undue delay

Plaintiffs make a number of statements in their closing request for alternative relief, including that "allowing Warnock to amend would not affect the progress of this case at all," that "an amendment would be a matter of form only" and "Nor would the amendment delay the trial or affect the proof." Pls. Mem. [222] at 5. First it is clear that the proposed amendment (which is still unclear in its specifics) is not "a [mere] matter of form", it is the proposed addition of a new substantive claim, explicitly prohibited by this Court, twenty-two months and multiple amendments after the inception of the suit. Second, the proposed amendment *would* affect the progress of the case; it would require further answer, further affirmative defense assertions, and would likely be met with motions for summary judgment or more definite statement, and this would necessarily lead to delay of the impending trial scheduled for February. Plaintiffs' aim is to ignore the obvious consequences of their request, a tactic that has ensured that the parties have been stuck in pleading limbo for nearly two years.

Most astonishingly, Plaintiffs argue, "Such an amendment would cause no prejudice to CMU because the value of Warnock's professional services is already at issue in the context of the damages being sought on the Section 1983 and wrongful termination claims which have survived summary judgment" and "Justice requires that leave be granted because otherwise CMU will be unjustly enriched having received the benefit of Warnock's professional services." Pls. Mem. [222] at 5. Plaintiffs have never connected their Section 1983 and wrongful termination claims

(predicated on Warnock's termination after his illegal interference and unauthorized actions within CMU operations) to the services actually allegedly provided by Warnock. The services' alleged value has nothing to do with Warnock's retaliation or free speech claims. In fact, despite CMU's consistent protest, Warnock has never pleaded as to what services he claims to have actually provided; basic inspection of Plaintiffs' complaint reveals that "services performed" is only mentioned once in the entire pleading. Plaintiffs' proposed amendment is clearly substantive, as opposed to one of mere "form," because it would unequivocally raise novel inquiries on subjects not at issue at present.

Finally, CMU would end by asserting that Plaintiffs clearly failed to plead a claim pursuant to Mississippi Code Section 31-7-57, but also that the claim, even were it available to Plaintiffs, would not be assertable under the circumstances. This Court already noted that Plaintiffs are not clearly "vendors" per the statute, but moreover the statute implies some wrong-doing or mistake on the part of a defendant that was not alleged here or apparent in any other way under the instant circumstances. In pertinent part the Section provides:

> . . . any vendor who, in good faith, delivers commodities or printing or performs any services under a contract to or for the agency or governing authority, shall be entitled to recover the fair market value of such commodities, printing or services, *notwithstanding some error or failure by the agency or governing authority to follow the law, if the contract was for an object authorized by law and the vendor had no control of, participation in, or actual knowledge of the error or failure by the agency or governing authority* . . . Miss. Code Ann. §31-7-57(2).

Here, Plaintiffs have alleged no error on the part of CMU, and CMU has asserted that Plaintiffs acted in bad faith. Further, Plaintiffs cannot state that the contracts would be enforceable but for their failure to be spread upon the minutes due to some fault of CMU. In fact, long-held Mississippi law provides, "It is also well established that each person, firm or corporation contracting with a board of supervisors is responsible to see that the contract is legal and properly

10

recorded on the minutes of the board. *Burt v. Calhoun*, 231 So.2d 496 (Miss. 1970); *Martin v. Newell*, 198 Miss. 809, 23 So.2d 796 (1945); *Jackson Equipment and Service Co. v. Dunlop*, 172 Miss. 752, 160 So. 734 (1935)." (*see also, Pike Cty., Miss. ex rel. Bd. of Supervisors v. Indeck Magnolia, LLC*, 866 F. Supp. 2d 589, 591-92 (S.D. Miss. 2012); *Thompson v. Jones Cty. Cnty. Hosp.*, 352 So. 2d 795, 796 (Miss. 1977)). It is clear that the burden to make sure that contracts are properly spread upon the minutes would rest with Plaintiffs.

Thus, Plaintiffs are clearly not among the class of vendors protected by the above statute, as the object of the contracts were not authorized by law (as they were not recorded, were not authorized, and were not spread upon the minutes) and are unenforceable. At base, Plaintiffs have simply failed to plead a claim and may not be permitted to amend or supplement now. Plaintiffs want this Court to accept that Plaintiffs have already pleaded a very specific, enumerated statutory violation without ever mentioning it prior to their response to CMU's summary judgment motion. CMU maintains that notice-pleading affirmatively requires that a defendant be noticed of all claims against it in the plaintiff's complaint at the pleading stage. Plaintiffs have had ample opportunity to plead their claims and may not continue to amend endlessly.

### III. CONCLUSION

In their Motion for reconsideration/relief from judgment, or in the alternative, for leave to amend, Plaintiffs demand that this Court reconsider allowing a quantum meruit claim under § 31-7- 57(2) despite Plaintiffs' repeated failure to plead it, or alternatively, to grant Plaintiffs leave to amend their Complaint. Plaintiffs' instant motion is actually a request to restart this case for the fifth time at CMU's expense; Plaintiffs demand that either this Court permit a specific statutory claim that was never asserted by Plaintiffs despite many iterations of Plaintiffs' varying claims over the prior twenty-two months of litigation, or alternatively, that Plaintiffs be permitted to

11

amend for the fifth time, guaranteeing that it will have taken over two years to complete the initial pleading phase in this suit. Ironically, Plaintiffs assert in the instant motion that "allowing Warnock to amend would not affect the progress of the suit" and that "an amendment would not cause prejudice to CMU" despite the fact that the suit has been unfairly prolonged at CMU's expense for a great length of time.

At the heart of Plaintiffs' argument is the assertion that a general prayer for relief should permit any new claim to be brought into suit. Such assertion flies in the face of reason and destroys the notice-pleading requirements in place to afford a defendant a fair suit. CMU respectfully requests that this honorable Court deny Plaintiffs' Motion to reconsider or to grant relief from its own Order, and to also deny Plaintiffs attempts to amend.

Respectfully submitted, this the 24th day of January, 2019.

**CANTON MUNICIPAL UTILITIES**

/s/ *Edward Blackmon, Jr.*
EDWARD BLACKMON, JR., MSB #3354


**OF COUNSEL:**

BRADFORD BLACKMON, MSB #104848
BLACKMON & BLACKMON, PLLC
907 WEST PEACE STREET
POST OFFICE DRAWER 105
CANTON, MISSISSIPPI 39046
TELEPHONE: 601-859-1567
FACSIMILE: 601-859-5311
edblackmon@blackmonlawfirm.com
bjblackmon@blackmonlawfirm.com

## CERTIFICATE OF SERVICE

I, Edward Blackmon, Jr., one of the attorneys for the Defendant, do hereby certify that I have this day, electronically filed the above and foregoing *Response in Opposition to Plaintiffs' Motion for Reconsideration, or in the Alternative, For Leave to Amend,* with the Clerk of the Court using the ECF system which sent notification of such filing to the following counsel of record:

> W. Thomas McCraney, III, Esq.
> McCraney Montagnet Quin & Noble, PLLC
> 602 Steed Road, Suite 200
> Ridgeland, MS 39157
> tmccraney@mmqlaw.com
>
> John G. Corlew, Esq.
> Katherine K. Smith, Esq.
> CORLEW MUNFORD & SMITH, PLLC
> P. O. Box 16807
> 4450 Old Canton Road, Suite 111 (39211)
> Jackson, MS 39236-6807
> jcorlew@cmslawyers.com
> ksmith@cmslawyers.com

This the 24th day of January, 2019.

> /s/ *Edward Blackmon, Jr.,*
> EDWARD BLACKMON, JR., MSB #3354

Z:\CMU NEW\Warnock Engineering vs. CMU\CMU Response to Motion to Reconsider 1.24.19.docx