## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**WARNOCK ENGINEERING, LLC**
**AND RUDOLPH M. WARNOCK, JR.**                              **PLAINTIFFS**

**V.**                                    **CIVIL ACTION NO. 3:17-cv-00160-HSO-JCG**

**CANTON MUNICIPAL UTILITIES**                              **DEFENDANT**

---

### PLAINTIFFS' REBUTTAL TO DEFENDANT'S RESPONSE
### TO PLAINTIFFS' MOTION FOR RECONSIDERATION,
### OR IN THE ALTERNATIVE, FOR LEAVE TO AMEND

---

### The Fact Based Allegations Give CMU Fair Notice of Warnock's Claims

Canton Municipal Utilities ("CMU") argues that "Plaintiffs' failure to plead the substantive claims at issue . . . . render notice-pleading utterly meaningless."  Defendants' Response (ECF # 225), pp. 2, 5.  But the purpose of notice pleading is to "give the Defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests." *Swierkiewsicz v. Sorema*, 534 U. S. 506, 510, 513 (2002).  The Supreme Court relied on *Swierkiewsicz* in finding a complaint sufficient in *Skinner v. Switzer*, 562 U. S. 521 (2011). *And see* per curiam opinion in *Johnson v. City of Shelby, Mississippi*, 135 S. Ct. 346, 347 (2014):

> Federal pleading rules . . . do not countenance dismissal of a complaint for
> imperfect statement of the legal theory supporting the claim asserted.

Respectfully submitted, Warnock's Third Amended Complaint gives fair notice of Plaintiffs' claim.  Complaint (ECF # 118),  ¶¶ 16 and 17 clearly state that Plaintiff's claim is for

payment of engineering services performed pursuant to three identified contracts, attached to the Complaint as Exhibits A, B and C.  See also Complaint ¶¶ 170, 172, 173 and175.

The "fact based allegations"[1] should determine whether a defendant has "fair notice." Respectfully, those necessary facts were plead.  In *Langham v. Behnen*, 39 So. 3d 970, 975 (2010), the Mississippi Supreme Court stated:

> "Quantum-meruit recovery is a <u>contract remedy</u> which may be premised either on express or 'implied' contract, and a prerequisite to establishing grounds for quantum meruit recovery is claimant's reasonable expectation of compensation." *Tupelo Development Agency v. Gray Corp., Inc.*, 972 So. 2d 495, 514 (¶ 56) (Miss. 2007).  "The essential elements of recovery under a quantum meruit claim are: '(1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; and (4) under such circumstances as reasonably notified the person sought to be charged that plaintiff, in performing such services, was expected to be paid by the person sought to be charged.'" *Id*. At 514-15. (emphasis added).

Here Warnock clearly plead:

(1)     it rendered valuable services to CMU:

(2)     CMU was the person to be charged therefor;

(3)     CMU accepted the services; and

(4)     CMU was reasonably notified that Warnock expected to be paid.

Indeed, the three contracts attached to be the Third Amended Complaint as exhibits describe the services to be performed in detail, that CMU was to pay for the services, that

---

[1]     *Ashcroft v. Iqbal*, 556 U. S. 663 (2009) and *Bell Atl. Corp. v. Twombly*, require that a pleading set forth "fact based allegations," not mere conclusory legal standards.

CMU accepted the services and reasonably expected to pay for same.  It agreed in each of the three contracts to do so.

### Quantum Meruit Is An Implied Contract in Equity; It Describes the Remedy Not the Cause of Action

CMU argues that Warnock confuses "claim"/"claim for relief" with the "relief" itself. Response (ECF # 225), p. 7.  But, as the United States Supreme Court  and the Fifth Circuit state, it is the "fact based allegations" that matter: *See Mackintosh v. Marks' Estate,* 225 F. 2d 211 (5th Cir. 1955):

> Plaintiffs are entitled to any relief which the facts justify even though that relief has not been asked and that theory has not been advanced in the pleadings.

> *Young & Vann Supply Co. v. Gulf, F. & A. Ry. Co.*, 5 F. 2d 421 (5th Cir. 1925):

> If a bill states a cause of action entitling the plaintiff to equitable relief on any theory of the case, a court may grant it under a prayer for general relief, notwithstanding other specific relief may be mistakenly prayed for.

Warnock has not located a case which holds that quantum meruit is not a separate cause of action.  But Mississippi cases do hold that unjust enrichment, the other "implied in law" recovery like quantum meruit, is not a separate cause of action.

> . . . unjust enrichment is a measure of damages, not a separate cause of action. *In Re: B. C. Rogers Poultry, Inc.*, 455 B.R. 524, 570 (2011), citing *Coleman v. Conesco, Inc.*, 238 F. 2d 804, 813 (S.D. Miss. 2002), partially abrogated on other grounds by *Sweeny v. Sherwin Williams Co.,* 304 F. Supp. 2d 868 (S.D. Miss. 2004).

This Court has stated:

> The only distinction between quantum meruit and unjust enrichment is the

measure of recovery. *Estate of Johnson v. Adkins*, 513 So. 2d 922, 926 (1987). Recovery under a quantum meruit theory "is measured by the reasonable value of materials or services rendered." *Id*. Under unjust enrichment, the plaintiff receives "that to which [he] is equitably entitled." *Id*.

These contracts are not "illegal" contracts as CMU alleges.  Response (ECF # 225), p. 8.  This Court has held the contracts unenforceable because not properly entered in the CMU minutes, not "illegal."[2]  CMU alleges that "Warnock has never pleaded as to what services he claims to have actually provided."  Response (ECF # 225), p. 10.  But Warnock has clearly pled that it has not been compensated for services which Warnock performed as fully described in the three contracts in question, Exhibits A, B and C to the Third Amended Complaint.

## Miss. Code § 31-7-57(2) Applies to Services Rendered Pursuant to Contract

Respectfully, Miss. Code § 31-7-57 (2) does apply to the services rendered by Warnock.  A "vendor" is defined as "a seller of goods or services."  Black's Law Dictionary (6th ed.), p. 1555 (emphasis added).  The statute itself states that "any vendor who, in good faith delivers commodities . . . or performs any services under a contract" shall be entitled to recover the fair market value of same.  (emphasis added)

## There Is No "Unfair Prejudice" or "Undue Delay."

CMU alleges that this case been "unfairly prolonged at CMU's expense for a great length of time."  Response (ECF # 225), p. 12.  But the only delay has been sought by CMU

---

[2]      *See Jackson v. Sam Finley, Inc.*, 366 F. 2d 148 (5th Cir. 1966); *Ace Pipe Cleaning v. Hemphill Construction Co., Inc.,* 134 So. 3d 799 (Miss. 2014); *Grand Control, LLC v. Capsco Industries, Inc.,* 120 So. 3d 965 (Miss. 2013).

itself.  CMU moved to stay discovery on June 23, 2017 (ECF # 27).  It moved again to stay discovery on March 23, 2018 (ECF # 128).  And then CMU moved for continuance on December 4, 2018 (ECF # 217).  CMU complains about "unfair prejudice" and "undue delay."  But CMU has cited not a single factor demonstrating prejudice which results from a suit filed on March 9, 2017 proceeding to trial on October 7, 2019.  Nor has there been "undue delay."  CMU has served interrogatories (ECF # 41); two sets of requests for production of documents (ECF # 42 and ECF # 52), and requests for admission (ECF # 53), all of which have been fully responded to.  CMU has taken six individual depositions (ECF # 178, 179, 180, 181, 182, 193) and a 30(b)(6) deposition of Warnock Engineering, LLC (ECF # 177).  CMU had the benefit of participation in depositions of ten other individuals (ECF # 158, 159, 160, 161, 162, 163, 165, 168, 191, 192).  Since the Court granted continuance by text order December 7, 2018, CMU has taken an additional deposition (ECF # 223).

## Request for Leave to Amend

CMU argues that an amended pleading "is actually a request to restart this case for the fifth time at CMU's expense."  Response, p. 11.  Prior to filing the Third Amended Complaint on March 12, 2018 (ECF # 118), the litigation activity involved motion practice and written discovery.  The motion for leave to file the Third Amended Complaint was unopposed (ECF # 115).  Warnock does not believe that allowing an amendment to assert the remedy of quantum meruit and Miss. Code § 31-7-57(2) could have a dilatory effect on

5

the trial.  However, the importance of this issue to Warnock's case is such that Warnock would not oppose adjustments to the scheduling order, including trial date, which the Court might deem appropriate.

Warnock does believe that good cause exists to allow amendment.  The clear purpose of Miss. Code § 31-7-57(2) is to provide a remedy to a party which has performed services under a contract where such a contractor is "in good faith" and "the contract was for an object authorized by law " and the party providing services "had no control of, participation in, or actual knowledge of the error or failure" by the governing body.

There is not a scintilla of evidence that Warnock did not operate in good faith in performing utility services for CMU.  Warnock reported at almost every CMU meeting on the status and progress of projects assigned by CMU.

CMU is a utility commission established pursuant to the provisions of Miss. Code § 21-27-13.   CMU is authorized to improve, construct, maintain, repair and operate "waterworks system, water supply, sewage system, sewage disposal system, or any combination thereof."  Miss. Code § 21-27-11(b).  There is absolutely no doubt that the foregoing is the business of CMU and that its contracts with Warnock were for that purpose.

Each contract in question was available in full text to the members of the Board of Commissioners prior to any action, and the minutes recited the adoption thereof, including in some cases reference to "spread on the minutes."  Mr. Warnock was assured by the attorney for CMU that his contracts had been properly placed in the minutes.

6

Warnock provided original contracts in advance of a meeting, duly executed; secured assurance from the Board attorney that the contracts were in the minutes; and a secretary to the Board of Commissioners and staff attorney were to properly transcribe and record those minutes.  Warnock clearly had no control of or participation in any failure by the Board of Commissioners to properly place contracts in its minutes.

## **Conclusion**

Warnock respectfully requests that the Court reconsider its summary judgment denial of claims advanced by Warnock on quantum meruit and Miss. Code § 37-7-57(2). Alternatively, Warnock requests leave of court to amend the Complaint to allege those claims.

This the 31st  day of January, 2019.

Respectfully submitted,

WARNOCK ENGINEERING, LLC
and RUDOLPH M. WARNOCK, JR.


BY:  /s/ *John G. Corlew*
         JOHN G. CORLEW (MSB # 6526),
         Their Attorney

OF COUNSEL:

John G. Corlew (MSB # 6526)
CORLEW MUNFORD & SMITH PLLC
4450 Old Canton Road; Suite 111 (39211)
Post Office Box 16807
Jackson, MS 39236-6807
Telephone: 601-366-1106
Facsimile: 601-366-1052
jcorlew@cmslawyers.com

W. Thomas "Tad" McCraney, III
McCRANEY MONTAGNET QUIN NOBLE
602 Steed Road; Suite 200
Ridgeland, MS 39157
Telephone: 601-707-5725
tmccraney@mmqnlaw.com

## CERTIFICATE OF SERVICE

I, John G. Corlew, hereby certify that have this day caused a true and correct copy of

the foregoing to be filed through the Court's ECF system, which has sent notice to all counsel

of record.

DATED: January 31, 2019.

/s/ *John G. Corlew*
JOHN G. CORLEW